UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANLEY STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-01503-TWP-DML |
| ) | |
| CITY OF LAWRENCE, MICHAEL WALTON, ) | |
| ERIKA SCHNEIDER, MICHAEL MCKENNA, ) | |
| JAMES PARISH, and SCOTT EVANS, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTIONS TO RECONSIDER**

This matter is before the Court on Plaintiff Stanley Stephens's ("Stephens") Cross Motion to Reconsider Summary Judgment Ruling (Filing No. 91) and Defendants City of Lawrence, Michael Walton, Erika Schneider, Michael McKenna, James Parish, and Scott Evans's (collectively "Defendants") Motion to Reconsider Summary Judgment Ruling (Filing No. 83). For the following reasons, the Court **denies** both Motions to Reconsider.

**I.     LEGAL STANDARD**

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). The Court issued its Entry on Cross Motions for Summary Judgment ("Summary Judgment Order") (Filing No. 74) on November 30, 2015. The Defendants filed their

"Motion to Reconsider Summary Judgment Ruling" (Filing No. 83) on December 2, 2015, only two days after the Court's Summary Judgment Order. Stephens filed a "Cross Motion to Reconsider and Response in Opposition to Defendants' Motion for Reconsideration" (Filing No. 91) on December 11, 2015, eleven days after the Court's Summary Judgment Order. Accordingly, the Court will analyze the parties' timely filed motions to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II. DISCUSSION

The Defendants first assert that the Court should reconsider its Summary Judgment Order because the remaining claims against the individual defendants in their official capacity are redundant of the claims against the City of Lawrence and therefore should be dismissed. The Defendants point to case law to explain that official capacity suits against individuals may be treated as a claim against the entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011); *Smith v. Metro. School Dist. Perry Twp.*, 128 F.3d 1014, 1021 n.3 (7th Cir. 1997). While it is true that official capacity suits may be treated as a claim against the entity itself, case law does not mandate the dismissal of individual defendants in their official capacity when the government entity also is a defendant. Because the Defendants have not shown a manifest error of law or fact on this point, the Court declines to reconsider its Summary Judgment Order on this basis.

The Defendants next assert that the Court should reconsider its Summary Judgment Order on the basis that the issues identified for trial—whether Stephens's termination was retaliatory in violation of the First Amendment and whether Stephens was denied due process—are questions of law that cannot be resolved by a jury.

It appears that the Defendants also are claiming in their Motion to Reconsider that the facts were undisputed during the summary judgment stage. However, such was not the case. While some facts were not disputed and other facts conceded for purposes of summary judgment only, many other facts were disputed by the parties, which precluded summary judgment for either party. A motion to reconsider is not an opportunity for the parties to recant their disputes and reargue their positions.

As the Court noted in the Summary Judgment Order, "[o]n summary judgment, a court may not weigh the evidence or decide which inferences should be drawn from the facts. Rather, the court's task is to determine based on the record whether there is a genuine issue of material fact requiring trial." *Costello v. Grundon*, 651 F.3d 614, 636 (7th Cir. 2011). When considering summary judgment motions, the Court may not "conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001). Even where a determination is left to the Court and is not a question for the jury, the Court cannot make determinations of factually disputed issues on summary judgment. Rather, such resolution is reached through motions in *limine* or a bench trial. Again, since the Defendants have not shown a manifest error of law or fact on this point, the Court declines to reconsider its Summary Judgment Order on this basis.

The arguments advanced in Stephens's Cross Motion to Reconsider are similarly focused on the remaining claims being questions of law for the Court to determine, not the jury. Stephens asserts that the facts support summary judgment is his favor based on the legal standards established in *Connick v. Myers*, 461 U.S. 138 (1983) and *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205*, 391 U.S. 563 (1968). He briefly reargues his summary judgment position and requests summary judgment be entered in his favor. Stephens also alleges that the Court made a factual determination that was not supported by the designated evidence, claiming that "the Court states Stephens was 'making photocopies in the City of Lawrence government building' when he was recorded speaking. [Filing No. 74, at ECF p. 24] However, the parties agree the recorded conversation central to this litigation occurred in the parking lot outside the City of Lawrence government building." (Filing No. 92 at 2.) In only partially quoting the Court's Summary Judgment Order, Stephens misconstrues and inaccurately presents the Court's determination. The Court did not determine that Stephens was being recorded at the same time that he was making

4

photocopies in the City of Lawrence government building. Like the Defendants, Stephens has not shown a manifest error of law or fact, and thus, the Court declines to reconsider its Summary Judgment Order.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Stanley Stephens's Cross Motion to Reconsider Summary Judgment Ruling (Filing No. 91) and Defendants City of Lawrence, Michael Walton, Erika Schneider, Michael McKenna, James Parish, and Scott Evans's Motion to Reconsider Summary Judgment Ruling (Filing No. 83) are **denied**.

This matter remains set for final pretrial conference on December 17, 2015. Parties should be prepared to discuss whether the remaining claims must be tried by the court rather than a jury.

**SO ORDERED.**

Date: 12/14/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven A. Holt
HOLT FLECK & ROMINE
sholt@hfrlaw.com

Travis W. Cohron
HOLT FLECK & ROMINE
tcohron@hfrlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com