UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANLEY STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01503-TWP-DML |
| ) | |
| CITY OF LAWRENCE, MICHAEL WALTON, ) | |
| ERIKA SCHNEIDER, MICHAEL MCKENNA, ) | |
| JAMES PARISH, and SCOTT EVANS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION IN *LIMINE***

This matter is before the Court on Defendants City of Lawrence, Michael Walton, Erika Schneider, Michael McKenna, James Parish, and Scott Evans's (collectively "Defendants") Motion in *Limine* ([Filing No. 77](#)). The Defendants seek to exclude evidence, testimony, and attorney arguments regarding insurance, settlement negotiations, lay opinions regarding legal conclusions or requirements, speculation, attorney testimony, and irrelevant evidence. Plaintiff Stanley Stephens ("Mr. Stephens") did not file a response to the Defendants' Motion in *Limine*. For the following reasons, the Defendants' Motion in *Limine* is **GRANTED** in part and **DENIED** in part.

### I.   LEGAL STANDARD

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that

all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## II.   DISCUSSION

### 1. Insurance

Defendants seek to exclude any evidence that they are or may be covered by liability insurance for the claims asserted by Mr. Stephens. They also request that Mr. Stephens not be permitted by means of examination, *voir dire*, or argument to imply to the jury that the Defendants are or may be covered by liability insurance.

Federal Rule of Evidence 411 provides, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."

"Evidence of insurance coverage is ordinarily inadmissible, since existence of coverage so frequently distracts jury from essential issues which it is to resolve." *Braun v. Lorillard, Inc.*, 1996 U.S. Dist. LEXIS 205, at *3 (N.D. Ill. Jan. 10, 1996). Often, evidence of insurance coverage is irrelevant and prejudicial unless offered for a permissible purpose under Rule 411. Therefore, the Court **grants** the Defendants' request to exclude evidence and argument concerning liability insurance.

### 2. Settlement negotiations

The Defendants next seek to prevent the parties from offering evidence of offers to compromise or statements made during settlement discussions and also from mentioning such evidence during the course of questioning, *voir dire*, and argument.

Federal Rule of Evidence 408 generally prohibits the introduction of evidence on behalf of any party relating to offers of compromise and statements made during the course of settlement

negotiations either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement. However, Rule 408 is not "a blanket prohibition from using evidence relating to settlement negotiations. Rule 408(b) provides that a court may admit this evidence for another purpose, such as proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution." *Bell v. Taylor*, 2013 U.S. Dist. LEXIS 134021, at *2-3 (S.D. Ind. Sept. 18, 2013). The Defendants' request to exclude evidence of offers to compromise or statements made during settlement discussions is **granted** to the extent that such evidence is offered either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement. But either party may seek to offer such evidence for a permissible purpose under Rule 408. Decisions concerning the admissibility of such evidence, if offered, will be made during trial.

### 3. Lay opinions regarding legal conclusions or requirements

Next, the Defendants seek to exclude lay opinions concerning the legality of conduct or legal conclusions. As the sole example, the Defendants point to the opinions of former member of the Police Merit Board, Bernard Goodin. They assert that Mr. Goodin should not be able to offer an opinion concerning the "admissibility of evidence and the general fairness of actions taken by the board" because these are opinions that are legal conclusions (Filing No. 78 at 2). However, "the general fairness of actions taken by the board" is not necessarily a legal conclusion.

The Defendants point out that Rule 701 limits lay opinion testimony to that which is "(a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "[T]estimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Foundation v. City*

*of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). This is true even of expert testimony and also includes opinions as to whether a defendant violated a particular statute or regulation. *Id.*

The Court declines to grant a blanket prohibition on categories of testimony without context and without specific evidence in front of the Court. Evidentiary rulings often are deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. While the Court will not allow lay opinions concerning legal conclusions, the Court **denies** an order in *limine*, exclude all testimony from specific individuals or specific testimony that is not presently before the Court to decide in context.

### 4. Speculation

The Defendants request that speculative testimony be excluded. They explain that speculation is no substitute for evidence, pointing to *Furry v. United States*, 712 F.3d 988, 990 (7th Cir. 2013), and Rule 602 dictates that a non-expert witness may testify only as to matters of which he has personal knowledge.

As examples of speculative testimony, the Defendants assert that Mr. Stephens has provided speculative responses to interrogatories concerning what the FBI, the State Board of Accounts, and the Marion County Prosecutor's Office have done with the information that Mr. Stephens provided to these entities. They also explain that John Nelson from the Lawrence Police Department was asked in his deposition to speculate on how he would have handled the investigation of Mr. Stephens if the investigation had initially been referred to him.

Similar to the Court's decision regarding lay opinions on legal conclusions, the Court declines to grant a blanket prohibition on categories of testimony without context and without specific evidence in front of the Court. The Court **denies** an order in *limine* to exclude all testimony from specific individuals or specific testimony that is not presently before the Court to decide in context. However, the Courts **grant**s Defendants' request to exclude speculative testimony from

4

Mr. Stephens regarding what he thinks the FBI, the State Board of Accounts, and the Marion County Prosecutor's Office have done with the information that he provided to these entities. Additionally, John Nelson may not offer speculative testimony on how he would have handled the investigation of Mr. Stephens if the investigation had initially been referred to him. Mr. Nelson may offer testimony on how he generally handles internal investigations based on his personal knowledge and experience.

### 5. Attorney testimony

The Defendants explain that Mr. Stephens's counsel, Travis Cohron, submitted an affidavit in which he attested to substantive facts regarding the Police Merit Board hearing. This affidavit was used during the course of this litigation. However, as the Defendants point out, Rule 3.7 of the Indiana Rules of Professional Conduct generally prohibits an attorney from acting as a witness and an advocate in the same trial. There are some limited exceptions to the general rule, but they do not apply in this case. The testimony does not relate to uncontested issues and does not involve the nature and value of legal services rendered in the case. *See also United States v. Morris*, 714 F.2d 669 (7th Cir. 1983); *Jones v. Chicago*, 610 F. Supp. 350, 357 (N.D. Ill. 1984). The Defendants position is well taken and supported by case law and the Rules of Professional Conduct. Therefore, the Court **grants** Defendants request the exclude counsel from serving as advocate and witness in the same trial by offering testimony concerning contested matters.

### 6. Irrelevant evidence

Finally, the Defendants ask the Court to exclude any irrelevant evidence. They explain that Rule 401 defines relevant evidence as that which has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Under Rule 402, "irrelevant evidence is not admissible." Additionally, under Rule 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger

of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless cumulative evidence. The Defendants then provide examples of what they deem to be irrelevant evidence. However, relevancy objections are particularly well-suited to be determined in context during trial. While the Court will not allow irrelevant evidence, it declines to grant a blanket prohibition without context and without specific evidence in front of the court. Defendants' request at this stage of the litigation to exclude the broad category of "irrelevant" evidence is denied.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion in *Limine* ([Filing No. 77](#)) is **GRANTED** in part and **DENIED** in part. An order in *limine* is not a final, appealable order. If Mr. Stephens believes that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury.

**SO ORDERED.**

Date: 12/16/2015

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Travis W. Cohron
CAMPBELL KYLE PROFFITT
tcohron@ckplaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com